**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

```
_____ :
                                 :
JUAN RODRIGUEZ,                  :
                                 :    Civil Action No.
              Plaintiff,         :    09-cv-1909 (NLH)(KMW)
                                 :
       v.                        :    OPINION
                                 :
CITY OF CAMDEN, CAMDEN CITY      :
POLICE DEPARTMENT, ANNE          :
MILGRAM, in her official         :
capacity as Attorney General     :
for the State of New Jersey,     :
THEODORE Z. DAVIS, in his        :
official capacity as City of     :
Camden Chief Operating Officer,  :
GWENDOLYN A. FAISON, in her      :
official capacity as Mayor of    :
of the City of Camden, SCOTT     :
THOMPSON, in his official        :
capacity as Chief of the Camden  :
City Police Department, LOUIS    :
VEGA, in his official capacity   :
as Director of the Camden        :
Police Department, JOHN DOES     :
1-10 in their official capacity  :
as employees of the Camden City  :
Police Department,               :
                                 :
              Defendants.        :
_____ :
```

**APPEARANCES**:

Christopher Alan Gray, Esquire
Alterman & Associates, LLC
8 South Maple Avenue
Marlton, NJ 08053
*Attorney for Plaintiff Juan Rodriguez*

Frank A. Salvati, Esquire
Office of City Attorney
City Hall, 4th Floor
Camden, NJ 08101
*Attorney for Defendants City of Camden, Camden City Police
Department, Scott Thompson, and Louis Vega*

Cheryl L. Cooper, Esquire
Oandasan & Cooper P.C.
28 East Avenue
P.O. Box 326
Woodstown, NJ 08098
*Attorney for Defendant Gwendolyn A. Faison*

Thomas Edward Kemble, Esquire
Office of the NJ Attorney General
25 Market Street
P.O. Box 112
Trenton, NJ 08625-0112
*Attorney for Defendant Anne Milgram*

John C. Connell, Esquire
Archer & Greiner P.C.
One Centennial Square
Haddonfield, NJ 08033
*Attorney for Theodore Z. Davis*

**HILLMAN*, District Judge***

    Plaintiff, Juan Rodriguez, is a police officer with the
Camden City Police Department.  According to plaintiff, he was
suspended without pay and subject to administrative charges as
retaliation for his testimony against the City of Camden and the
Camden City Police Department in a disciplinary matter involving
another officer.  As a result, plaintiff filed a complaint in
this Court, naming as defendants the City of Camden (or, "the
City"), the Camden City Police Department, Anne Milgram, in her
official capacity as the Attorney General for the State of New
Jersey, Theodore Z. Davis, in his official capacity as the City
of Camden's Chief Operating Officer, Gwendolyn A. Faison, in her
official capacity as Mayor of the City of Camden, Scott Thompson,
in his official capacity as the Chief of the Camden City Police

2

Department, and Louis Vega, in his official capacity as the Director of the Camden City Police Department.[1]  Against defendants plaintiff asserts federal constitutional violations pursuant to 42 U.S.C. § 1983 as well as violations of the New Jersey Constitution and New Jersey statutory law.

In response to plaintiff's complaint, defendant, Theodore Z. Davis, filed a Motion for Judgment on the Pleadings, arguing that plaintiff fails to state a claim against him for which relief may be granted.  Along with opposing Davis's motion, plaintiff has cross-motioned for leave to amend his complaint.  Presently before the Court are both parties' motions.

For the reasons expressed below, Davis's Motion for Judgment on the Pleadings is granted, and plaintiff's Cross-motion for Leave to Amend the Pleadings is denied.

## I.  JURISDICTION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as New Jersey state law.  This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over plaintiff's related state law claims under 28 U.S.C. § 1367.

## II.  BACKGROUND

In July 2008, plaintiff, as a police officer with the Camden

---

[1]    In his complaint, plaintiff also names as defendants "JOHN DOES 1-10 in their official capacity as employees of the Camden City Police Department."

3

City Police Department, was subpoenaed to testify in a
disciplinary case involving another Camden police officer,
Christopher Frucci.  At the hearing, plaintiff testified against
the City.  Several months later, in December 2008,[2] the
administrative law judge ruled against the City and in favor of
Frucci.

On January 29, 2009, the Civil Service Commission held that
Frucci's case was to be remanded to the Office of Administrative
Law.  That same day, administrative charges were issued against
plaintiff, alleging that he abused his allotment of sick time.
By plaintiff's account, the allegations dated back to events that
supposedly occurred in July 2008, approximately seven months
prior to the time when the charges were filed.  Moreover,
plaintiff asserts that he had already been disciplined based on
the same allegations.

On February 13, 2009, the Civil Service Commission released
its written opinion regarding Frucci's case.  Five days later,
plaintiff was subject to new administrative charges "alleging
that he was the target of a 'call response check.'"  At a hearing
on February 23, 2009, plaintiff's suspension without pay was
sustained even though, plaintiff submits, no witnesses appeared
and no testimony was elicited against him.

--------

[2]      Plaintiff's complaint identifies the date of this
ruling as December 5, 2009, but given the sequence of events, it
appears that the actual date is December 5, 2008.

4

Finally, plaintiff was again administratively charged on March 11, 2009 for an incident that allegedly occurred more than thirteen months prior to the charges filed.

On April 22, 2009, plaintiff filed a complaint in this Court, naming as defendants the City, the Camden City Police Department, and, in their respective official capacities, Milgram, Davis, Faison, Thompson, and Vega.  Germane to the present matter, plaintiff's only direct, unequivocal averment pertaining to Davis in his complaint states the following:

> 2.6    At all times relevant to this Complaint Theodore Z. Davis was Chief Operating Officer for the City of Camden, acting within the scope of his employment as Chief Operating Officer for the City of Camden.  He is responsible for, among other things, "reorganizing governmental operations [of Camden] in order to assure the delivery of essential municipal services and the professional administration of that municipal government."  See N.J.S.A. 52:27BBB-3 (West 2009).

According to plaintiff's complaint, by charging plaintiff "with disciplinary offenses [and terminating his employment] in retaliation for his subpoenaed testimony against the Camden City Police Department in Christopher Frucci's case, the Department" violated his federal and state constitutional rights to free speech as well as the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1 et seq.  Plaintiff also alleges that the disciplinary charges brought against him on January 29, 2009 and March 11, 2009 were filed out of time in violation of

N.J.S.A. 40A:14-147.  To remedy the violations of his rights, plaintiff requests, among other things, injunctive relief and damages.

In response to plaintiff's complaint, Davis filed an Answer and a Motion for Judgment on the Pleadings.  Plaintiff opposes Davis's motion and, in turn, seeks leave to amend his complaint.

Presently before the Court are the motions filed by Davis and plaintiff.

**III.  DISCUSSION**

    **a.  Davis's Motion for Judgment on the Pleadings**

        **1.  Standard for Motion for Judgment on the Pleadings**

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed.  Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  Under Rule 12(c), the movant must clearly establish that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citation and internal quotation marks omitted).  In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6).  Turbe, 938 F.2d at 428.  Thus, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

6

Ultimately, a district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)).  A court need not credit either "'bald assertions'" or "'legal conclusions'" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  Similarly, "[a] motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'" Bangura v. City of Philadelphia, 2009 U.S. App. LEXIS 16672, at *8 (3d Cir. Jul. 29, 2009) (quoting Twombly, 550 U.S. at 555). The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

7

### 2.   Section 1983 Claim

Davis argues that plaintiff's complaint fails to properly state a Section 1983 claim -- or, for that matter, any viable claim -- against him.  In particular, Davis contends that plaintiff makes no factual allegations that Davis had any personal involvement in the purported constitutional deprivations.  As Davis points out, plaintiff merely states that Davis is the City's Chief Operating Officer and proffers no other facts to suggest his potential liability or wrongdoing.  For that reason, concludes Davis, plaintiff's Section 1983 claim against him must be dismissed.

Plaintiff counters that Davis may be liable to plaintiff because, as a supervisor, Davis may have tacitly approved the unconstitutional conduct through his own inaction.  In his opposition brief to Davis's motion, plaintiff asserts that Davis "was and continues to be the person calling the shots in the City of Camden" and "[f]or Davis to now allege that he was unaware of the retaliation Officer Rodriguez was enduring would be ridiculous."

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in

8

> an action at law, suit in equity, or other
> proper proceeding for redress . . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a
plaintiff must show that: (1) the conduct challenged was
committed by a person acting under color of state law; and (2)
that the conduct deprived him of his rights, privileges, or
immunities secured by the Constitution or laws of the United
States.  See Shuman ex rel. Shertzer v. Penn Manor School Dist.,
422 F.3d 141, 146 (3d Cir. 2005).  Moreover, "[a] defendant in a
civil rights action must have personal involvement in the alleged
wrongs; liability cannot be predicated solely on the operation of
respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207
(3d Cir. 1988).  "Personal involvement can be shown through
allegations of personal direction or of actual knowledge and
acquiescence."  Id.  "Allegations of participation or actual
knowledge and acquiescence, however, must be made with
appropriate particularity."  Id.

The Court agrees with Davis that plaintiff has failed to
allege with requisite specificity that Davis had any personal
involvement in the alleged constitutional deprivations suffered
upon plaintiff.  Plaintiff's complaint merely mentions that Davis
was the "Chief Operating Officer for the City of Camden" and, in
quoting N.J.S.A. 52:27BBB-3, that "[h]e is responsible for, among
other things, 'reorganizing governmental operations [of Camden]
in order to assure the delivery of essential municipal services

9

and the professional administration of that municipal government.'"  Moreover, the complaint attributes constitutional and statutory violations to "the Department," presumably meaning the Camden City Police Department.  Without more, there is simply nothing in the complaint that would remotely suggest that Davis directed, had knowledge of, or otherwise assented to or tolerated deprivations or violations of plaintiff's rights, nor does the complaint suggest that Davis had any involvement in the establishment or perpetuation of an unlawful policy, practice, or custom.[3]  See, e.g., Jetter v. Beard, 183 Fed. Appx. 178, 181 (3d Cir. 2006) (dismissing Section 1983 claim because plaintiff "failed to allege any facts to support a conclusion that [supervisors] had any personal involvement in the events" giving rise to claims); Arnold v. New Jersey, 2007 U.S. Dist. LEXIS 33982, at *16 (D.N.J. May 9, 2007) (dismissing Section 1983 claims against state officials because complaint merely stated

---

[3]     In defense of the adequacy of his complaint, plaintiff points to a Second Circuit case, Turpin v. Mailet, 619 F.2d 196 (2d Cir.), cert. denied, 449 U.S. 1016 (1980), for the proposition that a Section 1983 violation may exist where a supervisor knew of an offending incident or a previous pattern of similar incidents and, at the same time, circumstances may suggest that his or her inaction communicated a message of approval to the offending subordinate.  Plaintiff's argument, however, is unavailing because, again, he has failed to articulate any facts suggesting that Davis may have known of the alleged retaliation against plaintiff or of a prior pattern of similar misconduct, nor does plaintiff allege in what way, if at all, Davis's inaction may have constituted tacit approval of the alleged retaliation.

that defendants "allowed" unlawful conduct, failed to assert "a single fact . . . linking the action or inaction of [defendants] to the alleged constitutional violation," and, thus, presented only "unsupported conclusions" and "bare allegations").

Furthermore, in this case, plaintiff is suing Davis only in his official capacity as the City's Chief Operating Officer.[4] "Claims against defendants in their official capacity represent an action against the municipality." Carroll v. Bristol Twp., 827 F. Supp. 332, 335 (E.D. Pa. 1993) (citing Brandon v. Holt, 469 U.S. 464, 468-71 (1985)); see Cuvo v. De Biasi, 169 Fed. Appx. 688, 693 (3d Cir. 2006) ("[A] lawsuit against public officers in their official capacities is functionally a suit against the public entity that employs them." (citing McMillian v. Monroe County, 520 U.S. 781 (1997))).  Because of the inherent redundancy in naming as defendants both the municipality and Davis in his official capacity, plaintiff's Section 1983 claim against Davis may be dismissed on that basis alone.  See, e.g., Cuvo, 169 Fed. Appx. at 693 (affirming dismissal of plaintiff's claims against officers because plaintiff named the municipality

_____

[4]     For purposes of this opinion and the Section 1983 claim, the Court assumes arguendo that the Chief Operating Officer of the City of Camden constitutes a municipal employee. See Figueroa v. City of Camden, 580 F. Supp. 2d 390, 399 (D.N.J. 2008) (recognizing Chief Operating Officer of the City of Camden as a municipal employee rather than a state employee).  Even if the position were considered a state official rather than a municipal official, this Court's conclusion would remain the same.

as a defendant and, thus, "the suit against the officers in their official capacities is redundant"); <u>Munroe v. City of Philadelphia</u>, 2009 U.S. Dist. LEXIS 60701, at *11 (E.D. Pa. Jul. 15, 2009) (finding that "all claims brought against [the city officials] are properly treated as an action against the City, and thus, all claims against the [the city officials] in their official capacities fail as a matter of law"); <u>Lopez v. Maczko</u>, 2007 U.S. Dist. LEXIS 63416, at **27-29 (E.D. Pa. Aug. 16, 2007) (dismissing Section 1983 claim seeking injunctive relief against city official because city was already named as defendant in suit).

To the extent that plaintiff specifically names Davis as a defendant in an express attempt to attribute Davis's alleged misconduct to the City or its Police Department,[5] plaintiff still fails to identify <u>any</u> misconduct that Davis may have committed. "When a suit against a municipality is based on § 1983, the municipality can only be liable when the alleged constitutional transgression implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom." <u>Beck v. City of Pittsburgh</u>, 89 F.3d 966, 971 (3d Cir. 1996) (citing <u>Monell v. New York City Dept. of Social</u>

---

[5]     This appears to be plaintiff's intent insofar as he names Davis as a defendant only in his official capacity and avers that "the Department" violated his constitutional rights and the CEPA.

Servs., 436 U.S. 658 (1978)).  Accordingly, under Section 1983, a
municipality may be liable for either its policy or custom:

> A government policy or custom can be
> established in two ways.  Policy is made when
> a decisionmaker possessing final authority to
> establish a municipal policy with respect to
> the action issues an official proclamation,
> policy, or edict.  A course of conduct is
> considered to be a 'custom' when, though not
> authorized by law, such practices of state
> officials are so permanently and well-settled
> as to virtually constitute law.

McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009)
(citations, internal quotation marks, and brackets omitted).
"Custom requires proof of knowledge and acquiescence by the
decisionmaker."  Id.

Here, again, plaintiff proffers no factual support to
suggest that Davis effectuated or otherwise approved of an
impermissible policy, or that he knew of and acquiesced to an
improper custom.  See, e.g., id. (affirming dismissal of
plaintiff's Section 1983 claims because plaintiff "fail[ed] to
specify the relevant 'custom' or 'policy'" and "fail[ed] to
allege conduct by a municipal decisionmaker"); Watson v. Abington
Twp., 478 F.3d 144, 156-57 (3d Cir. 2007) (affirming dismissal of
plaintiff's Section 1983 claim because, in part, plaintiff failed
to "show that an official who has the power to make policy is
responsible for either the affirmative proclamation of a policy
or acquiescence in a well-settled custom" (citation and internal
quotation marks omitted)).

13

For the foregoing reasons, plaintiff's Section 1983 claim against Davis is dismissed.

### 3. State Law Claims

Besides the Section 1983 claim, plaintiff also asserts causes of action under the New Jersey Constitution, the CEPA, and N.J.S.A. 40A:14-147.  Although his motion focuses on the Section 1983 claim, Davis suggests that plaintiff cannot sustain any claim against Davis because of the complaint's dearth of factual allegations and because plaintiff specifically stated that "the Department" violated his free speech rights and CEPA.  Plaintiff believes his complaint is sufficient.

Analogous to the reasons set forth above, plaintiff's state law claims against Davis, if any are so asserted,[6] are insufficient to satisfy federal pleading standards.  Merely identifying Davis as the City's Chief Operating Officer does nothing to demonstrate his alleged culpability or to put him on notice of his alleged misconduct.  See Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."); see also Ashcroft v. Iqbal, 129

---

[6]     Because plaintiff's complaint alleges that "the Department" violated his constitutional rights and the CEPA, and does not specify who is responsible for the alleged violation of N.J.S.A. 40A:14-147, it is unclear whether Davis is even implicated by any of the state law claims set forth in the complaint.

S. Ct. 1937, 1949 (2009) (stating that federal pleading standard
requires "more than an unadorned, the-defendant-unlawfully-
harmed-me accusation" and that a pleading fails if it "offers
labels and conclusions" or "tenders naked assertion[s] devoid of
further factual enhancement" (citations and internal quotation
marks omitted)); Phillips, 515 F.3d at 232 ("We caution that
without some factual allegation in the complaint, a claimant
cannot satisfy the requirement that he or she provide not only
'fair notice,' but also the 'grounds' on which the claim
rests."). Further, plaintiff's allegations that "the Department"
retaliated against him in response to his testimony or that the
statutory time period to file disciplinary charges expired prior
to their filing does not in any way, clearly or expressly,
implicate Davis. Thus, plaintiff's assertions against Davis are
merely "'bald assertions'" and "'legal conclusions'" without any
factual support. In re Burlington Coat Factory Sec. Litig., 114
F.3d at 1429-30; see Iqbal, 129 S. Ct. at 1949 (noting that
"[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice" to
sustain the alleged claim against a motion to dismiss).

Therefore, plaintiff's state law claims against Davis, if
any are so asserted, are dismissed entirely.

**b. Rodriguez's Motion for Leave to File an Amended Complaint**

Plaintiff requests leave to amend his complaint pursuant to

Federal Rule of Civil Procedure 15(a).  Davis contends that
plaintiff's request to amend should be denied as futile because
plaintiff cannot, and has not demonstrated in his opposition
brief or a proposed amendment his ability to, cure his
complaint's deficiencies.

Federal Rule of Civil Procedure 15(a)(2) provides that "a
party may amend its pleading only with the opposing party's
written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).
"The court should freely give leave when justice so requires."
Id.  Further, "in civil rights cases district courts must offer
amendment -- irrespective of whether it is requested -- when
dismissing a case for failure to state a claim unless doing so
would be inequitable or futile."  Fletcher-Harlee Corp. v. Pote
Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

To allow plaintiff to amend his complaint with regards to
Davis would be futile.  Plaintiff only names Davis as a defendant
in his official capacity as the City's Chief Operating Officer.
For purposes of Section 1983, "[a]n official-capacity suit is
essentially a suit against the municipality itself."  Munroe,
2009 U.S. Dist. LEXIS 60701, at *10 (citing Kentucky v. Graham,
473 U.S. 159, 165-66 (1985)).  Because plaintiff's Section 1983
claim against the City and its Police Department remain, there is
no reason made apparent by plaintiff's complaint or his cross-
motion why and how amendment would cure his complaint's

16

deficiencies with regard to the Section 1983 claim against Davis or, in other words, why he should be permitted to proceed with a Section 1983 action against both the City and Davis in his official capacity.  See Dull v. W. Manchester Twp. Police Dep't, 2008 U.S. Dist. LEXIS 21412, at *23 (M.D. Pa. Mar. 17, 2008) (denying leave to amend as futile because "the claims against the individual defendants in their official capacities will be dismissed as duplicative of those against the municipalities").

Likewise, neither his complaint nor his cross-motion suggests why or how amendment would enable plaintiff to set forth a viable state law claim against Davis.  Nothing in plaintiff's submissions even remotely demonstrates, with any specificity, that Davis may have known about the three disciplinary charges that were filed against Davis, let alone that these charges were allegedly retaliatory or untimely.  In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1434 (noting that a complaint is futile if it, "as amended, would fail to state a claim upon which relief could be granted").  The fact that plaintiff failed to submit a proposed amended complaint, though not fatal to his request, has impaired this Court's ability to exercise its discretion where leave to amend otherwise appears futile.  See Oliver v. Beard, 2009 U.S. App. LEXIS 28328, at *7 (3d Cir. Dec. 23, 2009) (affirming district court's dismissal of plaintiff's request for leave to amend because plaintiff "failed to attach a proposed

17

amended complaint to his motion").

For the foregoing reasons, this Court deems any attempt by plaintiff to amend his complaint with regards to Davis as futile. Therefore, plaintiff's motion for leave to amend his complaint is denied.

**IV.   CONCLUSION**

For the foregoing reasons, Davis's Motion for Judgment on the Pleadings is granted, and plaintiff's claims against Davis are dismissed.  Plaintiff's Motion for Leave to File an Amended Complaint is denied.  An Order consistent with this Opinion will be entered.


Dated: January 13, 2010      /s/ NOEL L. HILLMAN
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.