```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEW JERSEY
```

```
                                    :
JUAN RODRIGUEZ,                     :
                                    :     Civil Action No.
            Plaintiff,              :     09-cv-1909 (NLH)(KMW)
                                    :
     v.                             :     OPINION
                                    :
CITY OF CAMDEN, CAMDEN CITY         :
POLICE DEPARTMENT, ANNE             :
MILGRAM, in her official            :
capacity as Attorney General        :
for the State of New Jersey,        :
GWENDOLYN A. FAISON, in her         :
official capacity as Mayor of       :
of the City of Camden, SCOTT        :
THOMPSON, in his official           :
capacity as Chief of the Camden     :
City Police Department, LOUIS       :
VEGA, in his official capacity      :
as Director of the Camden           :
Police Department, JOHN DOES        :
1-10, in their official             :
capacity as employees of the        :
Camden City Police Department,      :
                                    :
            Defendants.             :
                                    :
```

**APPEARANCES**:

Christopher Alan Gray, Esquire
Alterman & Associates, LLC
8 South Maple Avenue
Marlton, N.J. 08053
*Attorney for Plaintiff Juan Rodriguez*

John C. Eastlack, Jr., Esquire
Holston, MacDonald, Uzdavinis & Ziegler, P.C.
66 Euclid Street
P.O. Box. 358
Woodbury, N.J. 08096
*Attorney for Defendants City of Camden, Camden City Police*
*Department, Gwendolyn A. Faison, Scott Thompson, and Louis Vega*

Thomas Edward Kemble, Esquire

Office of the N.J. Attorney General
25 Market Street
P.O. Box 112
Trenton, N.J. 08625-0112
*Attorney for Defendant Anne Milgram*

**HILLMAN, District Judge**

    Plaintiff, Juan Rodriguez, is a police officer with the Camden City Police Department.  According to plaintiff, he was suspended without pay and subject to administrative charges as retaliation for his testimony against the City of Camden and the Camden City Police Department in a disciplinary matter involving another officer.  As a result, plaintiff filed a complaint in this Court, naming as defendants the City of Camden (or, "the City"), the Camden City Police Department, Anne Milgram, in her official capacity as the Attorney General for the State of New Jersey, Theodore Z. Davis, in his official capacity as the City of Camden's Chief Operating Officer,[1] Gwendolyn A. Faison, in her official capacity as Mayor of the City of Camden, Scott Thompson, in his official capacity as the Chief of the Camden City Police Department, and Louis Vega, in his official capacity as the Director of the Camden City Police Department.  Against defendants plaintiff asserts federal constitutional violations pursuant to 42 U.S.C. § 1983 as well as violations of the New Jersey Constitution and New Jersey statutory law.

---

[1] Pursuant to this Court's Opinion and Order dated January 13, 2010, plaintiff's claims against Davis were dismissed, and Davis was terminated from the case.

In response to plaintiff's complaint, the State of New Jersey, on behalf of former Attorney General Anne Milgram, filed a Motion for Judgment on the Pleadings. For the reasons expressed below, the State's motion is granted.

## I.   JURISDICTION

Plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, as well as New Jersey state law. This Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331, and may exercise supplemental jurisdiction over plaintiff's related state law claims under 28 U.S.C. § 1367.

## II.  BACKGROUND[2]

In July 2008, plaintiff, as a police officer with the Camden City Police Department, was subpoenaed to testify in a disciplinary case involving another Camden police officer, Christopher Frucci. At the hearing, plaintiff testified against the City. Several months later, in December 2008,[3] the administrative law judge ruled against the City and in favor of

---

[2] The following facts are culled from plaintiff's complaint filed in this Court and are largely adopted from this Court's prior opinion in this case, Rodriguez v. City of Camden, 2010 U.S. Dist. LEXIS 2791 (D.N.J. Jan. 13, 2010). Given that the present matter comes before the Court by way of the State's Motion for Judgment on the Pleadings, plaintiff's allegations are accepted as true and viewed in a light most favorable to plaintiff, as is required when reviewing a motion to dismiss. See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

[3] Plaintiff's complaint identifies the date of this ruling as December 5, 2009, but given the sequence of events, it appears that the actual date is December 5, 2008.

Frucci.

On January 29, 2009, the Civil Service Commission held that Frucci's case was to be remanded to the Office of Administrative Law. That same day, administrative charges were issued against plaintiff, alleging that he abused his allotment of sick time. By plaintiff's account, the allegations dated back to events that supposedly occurred in July 2008, approximately seven months prior to the time when the charges were filed. Moreover, plaintiff asserts that he had already been disciplined based on the same allegations.

On February 13, 2009, the Civil Service Commission released its written opinion regarding Frucci's case. Five days later, plaintiff was subject to new administrative charges "alleging that he was the target of a 'call response check.'" At a hearing on February 23, 2009, plaintiff's suspension without pay was sustained even though, plaintiff submits, no witnesses appeared and no testimony was elicited against him. Finally, plaintiff was again administratively charged on March 11, 2009 for an incident that allegedly occurred more than thirteen months prior to the charges filed.

On April 22, 2009, plaintiff filed a complaint in this Court, naming as defendants the City, the Camden City Police Department, and, in their respective official capacities, Milgram, Davis, Faison, Thompson, and Vega. Germane to the

present matter, plaintiff's only direct, unequivocal averment pertaining to Milgram in his complaint states the following:

> 2.5   At all times relevant to this Complaint Anne Milgram was Attorney General for the State of New Jersey, acting within the scope of her employment as Attorney General. She is responsible for, among other things, the creation of law enforcement policies and procedures in the State of New Jersey. She is also responsible for supervision of, and policy creation for, the Camden City Police Department.

According to plaintiff's complaint, by charging plaintiff "with disciplinary offenses [and terminating his employment] in retaliation for his subpoenaed testimony against the Camden City Police Department in Christopher Frucci's case, the Department" violated his federal and state constitutional rights to free speech as well as the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1 et seq.  Plaintiff also alleges that the disciplinary charges brought against him on January 29, 2009 and March 11, 2009 were filed out of time in violation of N.J.S.A. 40A:14-147.  To remedy the violations of his rights, plaintiff requests, among other things, injunctive relief and damages.

## III.  DISCUSSION

### A.   Standard for Motion for Judgment on the Pleadings

A Rule 12(c) motion for judgment on the pleadings may be filed after the pleadings are closed. Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428 (3d Cir. 1991).  Under

5

Rule 12(c), the movant must clearly establish that "no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citation and internal quotation marks omitted).  In analyzing a Rule 12(c) motion, a court applies the same legal standards as applicable to a motion filed pursuant to Rule 12(b)(6).  Turbe, 938 F.2d at 428.  Thus, a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).

Ultimately, a district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ." (citation omitted)).  Under the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis.  First, a claim's factual and legal elements should be separated; a "district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

6

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)). Similarly, "[a] motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'" Bangura v. City of Philadelphia, 338 F. App'x 261, 264 (3d Cir. 2009) (quoting Twombly, 550 U.S. at 555). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

### B. Failure to Oppose the State's Motion

First and foremost, the Court observes that "if a party represented by counsel fails to oppose a motion to dismiss, the

7

district court may treat the motion as unopposed and subject to dismissal without a merits analysis," Hollister v. U.S. Postal Serv., 142 F. App'x. 576, 577 (3d Cir. 2005) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1992)). In this case, plaintiff is represented by counsel. Moreover, on April 20, 2010, the State filed its motion seeking to dismiss plaintiff's claims. In spite of the procedures and deadlines to file a response, as governed by Local Rule 7.1, neither plaintiff nor his counsel have filed any opposition or otherwise responded to the present motion.

Therefore, the Court may dismiss plaintiff's claims against Milgram and the State summarily. However, in the alternative, the Court will also address the merits of the State's motion.

### C. Failure to State a Claim Upon Which Relief May Be Granted

The State advances several arguments in opposition to plaintiff's Section 1983 claim against Anne Milgram in her official capacity as the Attorney General of New Jersey. First, the State submits that plaintiff's claim against Milgram -- and, in effect, the State -- is barred by the principles of sovereign immunity. Second, the State contends that a state is not a "person" subject to liability under Section 1983. Lastly, the State opines that plaintiff's cause of action against it is impermissibly predicated upon the theory of respondeat superior and does not allege any personal wrongdoing by Milgram. As noted

8

above, plaintiff does not respond to any of the aforementioned arguments.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must show that: (1) the conduct challenged was committed by a person acting under color of state law; and (2) that the conduct deprived him of his rights, privileges, or immunities secured by the Constitution or laws of the United States. See Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 146 (3d Cir. 2005).

However, "[u]nder the Eleventh Amendment, 'an unconsenting State is immune from suits brought in federal courts by her own citizens.'"[4] Hyatt v. County of Passaic, 340 F. App'x 833, 836

---

[4] The Eleventh Amendment to the United States Constitution reads: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." In spite of its unambiguous language, "[t]he Eleventh Amendment not only prohibits suits against a state by citizens of other states, but also prohibits suits against a state by its own citizens, as well as suits against a state agency or department." Russo v. Ryerson, 2006 U.S. Dist. LEXIS 10447, at *33 (D.N.J.

(3d Cir. 2009) (quoting Edelman v. Jordan, 415 U.S. 651, 663 (1974)). "'[N]either a State nor its officials acting in their official capacities' may be sued for monetary relief under § 1983." Id. (quoting Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)). Because nothing suggests that the State waived its sovereign immunity, any claims seeking monetary relief against Milgram or the State in this case are barred by the Eleventh Amendment.[5] See Pappas v. Twp. of Galloway, 565 F. Supp. 2d 581, 587 (D.N.J. 2008) ("Lawsuits brought under section 1983 seeking monetary relief against state officials in their official capacity . . . should be treated as suits against the State, and are barred by the Eleventh Amendment." (citations and internal quotation marks omitted)).

As for plaintiff's state law claims, "the Eleventh Amendment bars the adjudication of pendent state law claims against

---

Feb. 27, 2006) (citing Pennhurst State Sch. & Hosp. v. Halderman, 46 U.S. 89, 100 (1984)).

[5] Notwithstanding the doctrine of sovereign immunity, the Court recognizes that a plaintiff may sue a state official in her official capacity for prospective injunctive relief for violations of federal law. Figueroa v. City of Camden, 580 F. Supp. 2d 390, 398 (D.N.J. 2008). At least part of the injunctive relief plaintiff requests here, however, appears to be a retrospective monetary award, i.e., back pay. See Rannels v. Hargrove, 731 F. Supp. 1214, 1223 (E.D. Pa. 1990) (holding that plaintiff's "demands for retroactive injunctive relief must also fall, as any remedy for damage already done must involve public expenditure"). Regardless, for the reasons explained below, plaintiff has failed to articulate a colorable cause of action against Milgram warranting any kind of relief.

nonconsenting state defendants in federal court." <u>Raygor v. Regents of the Univ. of Minn.</u>, 534 U.S. 533, 540-41 (2002). Having not responded to the State's motion to dismiss, plaintiff has not offered any counter-argument or any suggestion that the State, in any way, has consented to adjudicate such claims in federal court. Therefore, plaintiff's claims against Milgram under the New Jersey Constitution, CEPA, and N.J.S.A. 40A:14-147 also are dismissed. <u>Lyons v. N.J. Dep't of Transp.</u>, 2008 U.S. Dist. LEXIS 92137, at **6-7 (D.N.J. Nov. 12, 2008) (dismissing claims under the New Jersey Constitution and CEPA on the basis of sovereign immunity).

Moreover, even if plaintiff could advance some claims against Milgram or the State notwithstanding the principles of sovereign immunity, he has not done so. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of <u>respondeat superior</u>." <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." <u>Id.</u> "Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." <u>Id.</u>

The Court agrees with the State that plaintiff has failed to allege with requisite specificity that Milgram -- or, for that

matter, any other State official -- had any personal involvement in the alleged constitutional deprivations suffered upon plaintiff. Plaintiff's complaint merely mentions that Milgram was the "Attorney General for the State of New Jersey," that she acted within the scope of her employment, and that "[s]he is responsible for, among other things, the creation of law enforcement policies and procedures in the State of New Jersey" and "for supervision of, and policy creation for, the Camden City Police Department." Absent from the complaint, however, is any averments suggesting that Milgram knew of, let alone approved, any alleged misconduct committed by the Camden City Police Department against plaintiff. Other than the aforementioned, generalized statement of Milgram's position and authority, plaintiff makes no further allegations against Milgram or the State. In fact, in enumerating his four causes of action, plaintiff does not expressly mention Milgram or the State, but rather refers to "the Department," presumably meaning the Camden City Police Department.

Without more, there is simply nothing in the complaint that would remotely suggest that Milgram directed, had knowledge of, or otherwise assented to or tolerated deprivations or violations of plaintiff's rights, nor does the complaint suggest that Milgram had any involvement in the establishment or perpetuation of an unlawful policy, practice, or custom. See, e.g., Jetter v.

12

Beard, 183 Fed. Appx. 178, 181 (3d Cir. 2006) (dismissing Section 1983 claim because plaintiff "failed to allege any facts to support a conclusion that [supervisors] had any personal involvement in the events" giving rise to claims); Arnold v. New Jersey, 2007 U.S. Dist. LEXIS 33982, at *16 (D.N.J. May 9, 2007) (dismissing Section 1983 claims against state officials because complaint merely stated that defendants "allowed" unlawful conduct, failed to assert "a single fact . . . linking the action or inaction of [defendants] to the alleged constitutional violation," and, thus, presented only "unsupported conclusions" and "bare allegations"); see also Iqbal, 129 S. Ct. at 1949 (stating that federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that a pleading fails if it "offers labels and conclusions" or "tenders naked assertion[s] devoid of further factual enhancement" (citations and internal quotation marks omitted));

Although a plaintiff is generally afforded leave to amend his or her civil rights complaint when it is dismissed for failure to state a claim, leave is unnecessary when any amendment would be inequitable or futile. Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007). Here, leave to amend would be futile. Based on the face of his complaint and the principles of sovereign immunity, plaintiff appears entirely incapable of setting forth any facts that would

13

formulate a viable cause of action against Milgram.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997) (noting that a complaint is futile if it, "as amended, would fail to state a claim upon which relief could be granted"). Moreover, the Court reiterates that plaintiff's claims against Milgram are already subject to dismissal due to plaintiff's failure to respond to the State's motion.  Where plaintiff's lack of opposition to the State's motion may warrant dismissal in and of itself, it must also justify dismissal without leave to amend.

Therefore, for the reasons stated above, the State's Motion for Judgment on the Pleadings is granted, and plaintiff's claims against Milgram in her official capacity are dismissed.

**IV.  CONCLUSION**

For the foregoing reasons, the State's Motion for Judgment on the Pleadings is granted, and plaintiff's claims against former Attorney General Anne Milgram are dismissed.  An Order consistent with this Opinion will be entered.


Dated: July 16, 2010              /s/ NOEL L. HILLMAN
At Camden, New Jersey         NOEL L. HILLMAN, U.S.D.J.