**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| JUAN RODRIGUEZ, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 09-cv-1909 (NLH)(KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CITY OF CAMDEN, CAMDEN CITY | : | |
| POLICE DEPARTMENT, GWENDOLYN | : | |
| A. FAISON, in her official | : | |
| capacity as Mayor of the City | : | |
| of Camden, SCOTT THOMPSON, in | : | |
| his official capacity as Chief | : | |
| of the Camden City Police | : | |
| Department, LOUIS VEGA, in his | : | |
| official capacity as Director | : | |
| of the Camden Police | : | |
| Department, JOHN DOES 1-10, in | : | |
| their official capacity as | : | |
| employees of the Camden City | : | |
| Police Department, | : | |
| | : | |
| Defendants. | : | |

---

**APPEARANCES**:

Christopher Alan Gray, Esquire
Alterman & Associates, L.L.C.
8 South Maple Avenue
Marlton, N.J. 08053
*Attorney for Plaintiff Juan Rodriguez*

John C. Eastlack, Jr., Esquire
Holston, MacDonald, Uzdavinis, Eastlack, Ziegler & Lodge, P.C.
66 Euclid Street
P.O. Box. 358
Woodbury, N.J. 08096
*Attorney for Defendants City of Camden, Camden City Police*
*Department, Gwendolyn A. Faison, Scott Thompson, and Louis Vega*

**HILLMAN, District Judge**

　　Plaintiff, Juan Rodriguez, is a police officer with the

Camden City Police Department.  According to Plaintiff, he was
suspended without pay and subject to administrative charges as
retaliation for his testimony against the City of Camden and the
Camden City Police Department in a disciplinary matter involving
another officer.  As a result, Plaintiff filed a complaint in
this Court, naming as defendants the City of Camden (or, "the
City"), the Camden City Police Department, Anne Milgram, in her
official capacity as the Attorney General for the State of New
Jersey, Theodore Z. Davis, in his official capacity as the City
of Camden's Chief Operating Officer,[1] Gwendolyn A. Faison, in her
official capacity as Mayor of the City of Camden, Scott Thompson,
in his official capacity as the Chief of the Camden City Police
Department, and Louis Vega, in his official capacity as the
Director of the Camden City Police Department.  Against
defendants Plaintiff asserts federal constitutional violations
pursuant to 42 U.S.C. § 1983 as well as violations of the New
Jersey Constitution and New Jersey statutory law.

In response to Plaintiff's complaint, Gwendolyn A. Faison
moves for judgment on the pleadings.  For the reasons expressed
below, Faison's motion is granted.

## I.    JURISDICTION

---

[1] Pursuant to this Court's Opinion and Order dated July 16,
2010, Plaintiff's claims against Milgram were dismissed, and she
was terminated from the case.  Similarly, the Court dismissed all
claims against Davis in an Opinion and Order dated January 13,
2010, and Davis, too, was terminated from the case.

Plaintiff has brought his claims pursuant to 42 U.S.C. §
1983, as well as New Jersey state law.  The Court has
jurisdiction over Plaintiff's federal claims under 28 U.S.C. §
1331, and may exercise supplemental jurisdiction over his related
state law claims under 28 U.S.C. § 1367.

## II.   BACKGROUND[2]

In July 2008, Plaintiff, as a police officer with the Camden
City Police Department, was subpoenaed to testify in a
disciplinary case involving another Camden police officer,
Christopher Frucci.  At the hearing, Plaintiff testified against
the City.  Several months later, in December 2008,[3] the
administrative law judge ruled against the City and in favor of
Frucci.

On January 29, 2009, the Civil Service Commission held that
Frucci's case was to be remanded to the Office of Administrative
Law.  That same day, administrative charges were issued against
Plaintiff, alleging that he abused his allotment of sick time.

---

[2] The following facts are culled from Plaintiff's complaint
filed in this Court and are largely adopted from this Court's two
prior opinions in this case.  Given that the present matter comes
before the Court by way of Faison's Motion for Judgment on the
Pleadings, Plaintiff's allegations are accepted as true and
viewed in a light most favorable to him, as is required when
reviewing a motion to dismiss.  See Evancho v. Fisher, 423 F.3d
347, 350 (3d Cir. 2005).

[3] Plaintiff's complaint identifies the date of this ruling
as December 5, 2009, but given the sequence of events, it appears
that the actual date is December 5, 2008.

By Plaintiff's account, the allegations dated back to events that supposedly occurred in July 2008, approximately seven months prior to the time when the charges were filed.  Moreover, Plaintiff asserts that he had already been disciplined based on the same allegations.

On February 13, 2009, the Civil Service Commission released its written opinion regarding Frucci's case.  Five days later, Plaintiff was subject to new administrative charges "alleging that he was the target of a 'call response check.'"  (Complaint ("Comp.") at 5).  At a hearing on February 23, 2009, Plaintiff's suspension without pay was sustained even though, Plaintiff submits, no witnesses appeared and no testimony was elicited against him.  Finally, Plaintiff was again administratively charged on March 11, 2009 for an incident that allegedly occurred more than thirteen months prior to the charges filed.

On April 22, 2009, Plaintiff filed a complaint in this Court, naming as defendants the City, the Camden City Police Department, and, in their respective official capacities, Milgram, Davis, Faison, Thompson, and Vega.  Germane to the present matter, Plaintiff's only direct, unequivocal averment pertaining to Faison in his complaint states the following:

> 2.7   At all times relevant to this Complaint Gwendolyn A. Faison was Mayor of the City of Camden, acting within the scope of her employment as Mayor of the City of Camden. She is responsible for, among other things, the powers allowed to her under N.J.S.A.

52:27BBB-6.

(Comp. at 4).

According to Plaintiff's complaint, by charging Plaintiff "with disciplinary offenses [and terminating his employment] in retaliation for his subpoenaed testimony against the Camden City Police Department in Christopher Frucci's case, the Department" violated his federal and state constitutional rights to free speech as well as the Conscientious Employee Protection Act ("CEPA"), N.J.S.A. § 34:19-1 et seq. (Comp. at 6). Plaintiff also alleges that the disciplinary charges brought against him on January 29, 2009 and March 11, 2009 were filed out of time in violation of N.J.S.A. 40A:14-147. To remedy the violations of his rights, Plaintiff requests, among other things, injunctive relief and damages.

On or around September 13, 2010, Faison moved for judgment on the pleadings.[4]

III. DISCUSSION

A.   Standard for Motion for Judgment on the Pleadings

A Federal Rule of Civil Procedure 12(c) motion for judgment

---

[4] In a letter dated November 23, 2010, Plaintiff's counsel asked the Magistrate Judge that "a Conference be scheduled to stay the matter pending resolution of the administrative case." In response, the Magistrate Judge held a conference on December 2, 2010, and, in the Order entered that same day, stayed discovery "pending the determinations made in the underlying administrative case." The Court does not construe the request of Plaintiff's counsel or the Magistrate Judge's stay as impacting the adjudication of the present unopposed motion.

on the pleadings may be filed after the pleadings are closed.

Fed. R. Civ. P. 12(c); Turbe v. Gov't of V.I., 938 F.2d 427, 428

(3d Cir. 1991).  Under Rule 12(c), the movant must clearly

establish that "no material issue of fact remains to be resolved

and that he is entitled to judgment as a matter of law."  Rosenau

v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008) (citation and

internal quotation marks omitted).  In analyzing a Rule 12(c)

motion, a court applies the same legal standards as applicable to

a motion filed pursuant to Rule 12(b)(6).  Turbe, 938 F.2d at

428.  Thus, a court must accept all well-pleaded allegations in

the complaint as true and view them in the light most favorable

to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir.

2005).

     Ultimately, a district court, in weighing a motion to

dismiss, asks "'not whether a plaintiff will ultimately prevail

but whether the claimant is entitled to offer evidence to support

the claim.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8

(2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974));

see Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) ("Our

decision in Twombly expounded the pleading standard for 'all

civil actions' . . . ." (citation omitted)).  Under the

Twombly/Iqbal standard, the Third Circuit has instructed a two-

part analysis.  First, a claim's factual and legal elements

should be separated; a "district court must accept all of the

complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing Iqbal, 129 S. Ct. at 1950).

Second, a district court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id.; see Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." (quoting Twombly, 550 U.S. at 556)). Similarly, "[a] motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to 'raise a right to relief above the speculative level.'" Banqura v. City of Philadelphia, 338 F. App'x 261, 264 (3d Cir. 2009) (quoting Twombly, 550 U.S. at 555). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005).

**B.     Failure to Oppose the Motion for Judgment on the Pleadings**

First and foremost, the Court observes that "if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis," Hollister v. U.S. Postal Serv., 142 F. App'x. 576, 577 (3d Cir. 2005) (citing Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1992)).  In this case, Plaintiff is represented by counsel.  Moreover, on September 13, 2010, Faison filed a motion seeking to dismiss Plaintiff's claims.  In spite of the procedures and deadlines to file a response, as governed by Local Rule 7.1, neither Plaintiff nor his counsel have filed any opposition or otherwise responded to the present motion.[5]

Therefore, the Court may dismiss Plaintiff's claims against Faison summarily.  However, in the alternative, the Court will also address the merits of Faison's motion.

**C.     Failure to State a Claim Upon Which Relief May Be Granted**

According to Faison, she is entitled to judgment on the

---

[5] The Court noted the same in its Opinion dated July 16, 2010, when Plaintiff and his counsel did not respond to the Motion for Judgment on the Pleadings filed by the State of New Jersey on behalf of Anne Milgram.  Accordingly, Plaintiff and his counsel already are aware that the Court construes the lack of a response to a motion for judgment on the pleadings to evince no opposition to the motion and to permit the Court to enter judgment in favor of the moving defendant summarily.

pleadings because Plaintiff has failed to articulate any facts to

show that she was personally involved in, or otherwise liable

for, the alleged violations of Plaintiff's legal rights.  As

noted above, Plaintiff does not respond to Faison's

contestations.

> 42 U.S.C. § 1983 provides:

>> Every person who, under color of any statute,
>> ordinance, regulation, custom, or usage, of
>> any State . . . subjects, or causes to be
>> subjected, any citizen of the United States or
>> other person within the jurisdiction thereof
>> to the deprivation of any rights, privileges,
>> or immunities secured by the Constitution and
>> laws, shall be liable to the party injured in
>> an action at law, suit in equity, or other
>> proper proceeding for redress . . . .

42 U.S.C. § 1983.  To state a claim under Section 1983, a

plaintiff must show that: (1) the conduct challenged was

committed by a person acting under color of state law; and (2)

that the conduct deprived him of his rights, privileges, or

immunities secured by the Constitution or laws of the United

States.  See Shuman ex rel. Shertzer v. Penn Manor School Dist.,

422 F.3d 141, 146 (3d Cir. 2005).

The Court agrees with Faison that Plaintiff's complaint

lacks sufficient factual allegations to sustain a Section 1983

cause of action against Faison.  "A defendant in a civil rights

action must have personal involvement in the alleged wrongs;

liability cannot be predicated solely on the operation of

respondeat superior."  Rode v. Dellarciprete, 845 F.2d 1195, 1207

(3d Cir. 1988); see also Iqbal, 129 S. Ct. at 1948 (stating that
for a Section 1983 claim, "a plaintiff must plead that each
Government-official defendant, through the official's own
individual actions, has violated the Constitution").  "Personal
involvement can be shown through allegations of personal
direction or of actual knowledge and acquiescence."  Rode, 845
F.2d at 1207.  "Allegations of participation or actual knowledge
and acquiescence, however, must be made with appropriate
particularity."  Id.

    Plaintiff has failed to allege with requisite specificity
that Faison had any personal involvement in the alleged
constitutional deprivations suffered upon him.  Plaintiff's
complaint merely mentions that Faison was the "Mayor of the City
of Camden," that she acted within the scope of her employment,
and that "[s]he is responsible for, among other things, the
powers allowed to her under N.J.S.A. 52:27BBB-6."  (Comp. at 4).
Absent from the complaint, however, is any averments suggesting
that Faison knew of, let alone approved, any alleged misconduct
committed by the Camden City Police Department against Plaintiff.
Other than the aforementioned, generalized statement of Faison's
position and authority, Plaintiff makes no further allegations
against her.  In fact, in enumerating his four causes of action,
Plaintiff does not expressly mention Faison, but rather refers to
"the Department," presumably meaning the Camden City Police

10

Department.

Without more, there is simply nothing in the complaint that would remotely suggest that Faison directed, had knowledge of, or otherwise assented to or tolerated deprivations or violations of Plaintiff's rights, nor does the complaint suggest that Faison had any involvement in the establishment or perpetuation of an unlawful policy, practice, or custom.  See, e.g., Jetter v. Beard, 183 F. App'x 178, 181 (3d Cir. 2006) (dismissing Section 1983 claim because plaintiff "failed to allege any facts to support a conclusion that [supervisors] had any personal involvement in the events" giving rise to claims); Arnold v. New Jersey, 2007 U.S. Dist. LEXIS 33982, at *16 (D.N.J. May 9, 2007) (dismissing Section 1983 claims against state officials because complaint merely stated that defendants "allowed" unlawful conduct, failed to assert "a single fact . . . linking the action or inaction of [defendants] to the alleged constitutional violation," and, thus, presented only "unsupported conclusions" and "bare allegations"); see also Iqbal, 129 S. Ct. at 1949 (stating that federal pleading standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and that a pleading fails if it "offers labels and conclusions" or "tenders naked assertion[s] devoid of further factual enhancement" (citations and internal quotation marks omitted)).

With respect to Plaintiff's state law claims, Faison must be

11

awarded judgment for the same reasons enunciated above.

Plaintiff simply does not allege any facts to illustrate Faison's

involvement in the alleged wrongdoing committed by the Camden

City Police Department.  Moreover, to the extent that the

municipality may be liable for any of the misconduct articulated

by Plaintiff, the City of Camden and the Camden City Police

Department are named as and remain defendants in this case.

Therefore, having Faison named as a defendant in her official

capacity is merely redundant and, given that no particularized

allegations implicate her, improper.  See Dull v. W. Manchester

Twp. Police Dep't, 2008 U.S. Dist. LEXIS 21412, at *22 (M.D. Pa.

Mar. 17, 2008) (explaining that "[a] suit against a government

official in his or her official capacity is synonymous with a

claim against the government entity that employs him or her" and

that "[c]laims asserted against both a government entity and the

entity's agents in their official capacity warrant dismissal of

the redundant official-capacity suits").

Accordingly, Faison's Motion for Judgment on the Pleadings

is granted, and Plaintiff's claims against Faison in her official

capacity are dismissed.[6]

---

[6] Although a plaintiff is generally afforded leave to amend
his or her civil rights complaint when it is dismissed for
failure to state a claim, leave is unnecessary when any amendment
would be inequitable or futile.  Fletcher-Harlee Corp. v. Pote
Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).
Here, leave to amend would be futile.  Plaintiff's claims against
Faison are already subject to dismissal due to Plaintiff's

## IV.   **CONCLUSION**

For the foregoing reasons, Faison's Motion for Judgment on the Pleadings is granted, and Plaintiff's claims against Faison, the former Mayor of the City of Camden, are dismissed.  An Order consistent with this Opinion will be entered.

Dated: February 2, 2011                       /s/ NOEL L. HILLMAN
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

failure to respond to Faison's motion.  Where Plaintiff's lack of opposition to Faison's motion may warrant dismissal in and of itself, it must also justify dismissal without leave to amend. As already explained *supra*, Plaintiff's claims against another defendant in this matter were dismissed, in part, because he and his counsel did not respond to a motion for judgment on the pleadings.  Therefore, Plaintiff was on notice that failure to respond would likely yield an adverse judgment.  As such, he had the opportunity to respond or seek leave to amend.  Plaintiff did neither, and given the dearth of facts involving Faison and the redundancy of the official-capacity suit, there is simply no justification to grant leave to amend at this juncture.